Stephen C. Smith, ISB No. 7336
Michelle R. Points, ISB No. 6224
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5268
Email: ssmith@hawleytroxell.com
        mpoints@hawleytroxell.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | | |
|---|---|---|
| dppms, llc, an Idaho Limited Liability Company; STEVEN T. KOPKE, | ) ) ) | Case No. CV09-74-N-EJL |
| Plaintiffs, | ) ) | AMENDED COMPLAINT FOR BREACH OF CONTRACT |
| vs. | ) ) ) | |
| STARWOOD HOTELS AND RESORTS WORLDWIDE, INC., a New York Corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |

COMES NOW Plaintiffs dppms, llc, and Steven T. Kopke, by and through their counsel of record Hawley Troxell Ennis & Hawley, LLP, and for its claim for relief against Defendant, complain and allege as follows:

## I.

## PARTIES, VENUE AND JURISDICTION

1.    Plaintiff Steven T. Kopke is an individual who resides in Coeur d'Alene, Idaho.

AMENDED COMPLAINT FOR BREACH OF CONTRACT - 1

2.     Plaintiff dppms, llc, ("dppms") is an Idaho limited liability company organized under the laws of the State of Idaho. At all relevant times hereto, dppms was, and is, authorized to do business in the State of Idaho.

3.     Defendant Starwood Hotels & Resorts Worldwide, Inc., is a foreign business corporation organized under the laws of the State of New York and its principal place of business is in White Plains, New York.

4     Venue is proper with this Court as the contract at issue in this case was entered into in Idaho.

5.     Jurisdiction with this Court is proper with this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C § 1332, as the parties are of diverse citizenship and the amount in controversy is in excess of $75,000

**II.**

**GENERAL ALLEGATIONS**

6.     In July of 2005, the parties entered into a letter agreement whereby the parties agreed that Plaintiffs were to develop Architecture and Construction Standards for Defendant, specifically the *Westin Hotels & Resorts* and *Four Points by Sheraton* brands of Defendant, and later, the *aloft* and *element* select service brands of Defendant

7.     In April of 2007, Defendant requested that the Architecture and Construction Standards be developed for the full service brands of *leMeridien* and *Sheraton* and the luxury brands of *Luxury Collection*, *St Regis*, and *W Hotel*.

8     All Architecture and Construction Standards, with the exception of *Luxury Collection* and *St Regis*, have been delivered to Defendant.

44409 0001 1433845 1

9.     The work Plaintiffs performed for Defendant has been the primary business of Plaintiffs since July of 2005

10.     Plaintiffs tendered $120,336 36 in invoices for work completed, which have not been paid by Defendant  In addition, from September of 2008 through February of 2009, Plaintiffs have provided work valued at $260,000 to Defendant, which Defendant has refused to pay

### III.

### COUNT ONE
### (Breach of Contract)

11.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

12     Plaintiffs fully performed all obligations under the relevant letter agreements entered into by the parties.

13.     Defendant has failed to perform its obligations under the relevant letter agreements by failing to pay for services performed by Plaintiffs, and are therefore in breach of the parties' contract.

14     As a result of Defendant's breach, Plaintiffs have suffered substantial damages, which amount should be determined at trial

### IV.

### COUNT TWO
### (Unjust Enrichment)

15     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

44409 0001 1433845 1

16      Defendant has been unjustly enriched by the use of the products and services performed by Plaintiffs on Defendant's behalf, as Plaintiffs have conferred work product of significant value to Defendant without compensation.

17.     Defendant should be required to pay Plaintiffs the amount in which they have been unjustly enriched, which amount should be determined at trial.

### V.

### COUNT THREE
### (Attorney Fees)

18      Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein

19.     Due to Defendant's actions, Plaintiffs have been required to retain the law firm of Hawley Troxell Ennis & Hawley LLP to pursue their claims. Plaintiffs are entitled to recover from Defendant attorney fees and costs incurred herein pursuant to Idaho Code § 12-120, § 12-121, I.R.C.P. 54, and other applicable law.

### VI.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs dppms, llc and Steven T Kopke pray for judgment as follows:

1.      That Defendant be required to pay all Plaintiffs' damage in an amount to be determined at trial, but in the event of default an amount not less than $460,000;

2.      For an award of Plaintiffs' reasonable attorney's fees and costs pursuant to Idaho Code §§ 12-120 and 12-121, Idaho Code § 6-1703, and other applicable law, and in the amount of $5,000 in the event of default.

AMENDED COMPLAINT FOR BREACH OF CONTRACT - 4

3.     For such other and further relief as the Court shall deem just and proper.

DATED THIS ___17th___ day of March, 2009.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Stephen C. Smith, ISB No. 7336
Attorneys for Plaintiffs