IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| dppms, llc, an Idaho Limited Liability Company, et al, | ) ) ) |
| Plaintiffs, | ) Case No. CV09-074-N-EJL ) |
| vs. | ) MEMORANDUM ORDER ) |
| STARWOOD HOTELS AND RESORTS WORLDWIDE, INC., | ) ) ) ) |
| Defendants. | ) ) |

Pending before the Court in the above-entitled matter is Defendant Starwood Hotels and Resorts Worldwide, Inc.'s ("Starwood") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Background

Plaintiffs dppms, llc ("dppms") and Steven T. Kopke ("Kopke") filed their Complaint in federal court against Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") alleging that Starwood breached a series of contracts based on letter agreements between Plaintiffs and Starwood for certain technical services. Starwood moved to dismiss the action claiming this Court lacks personal jurisdiction over Starwood because Starwood does not have substantial or continuous contacts within the State of Idaho; Starwood does not purposefully avail itself of the privileges and benefits of conducting activities within the State of Idaho; and Plaintiffs' claims do not arise out of or relate to any activities of Starwood in Idaho. Plaintiffs disagree and argue Starwood has the contacts to support jurisdiction and the contracts arise out of and relate to activities in Idaho.

MEMORANDUM ORDER - Page 1
09ORDERS\dppms_dismiss.WPD

Plaintiff dppms is an Idaho limited liability company organized under the laws of the State of Idaho with its primary offices in Idaho. Plaintiff Kopke is a resident of Idaho and works for dppms. Defendant Starwood is a Maryland corporation with it headquarters and principal place of business in White Plains, NY.

In July 2005 and April 2007, Starwood and Plaintiffs entered into contracts for Plaintiffs to develop architecture and construction standards for Starwood's hotels. It is unclear from the affidavit of Kopke which party initiated the contact for the contracts but the letter from Kopke to Florence Khoo dated May 23, 2005 indicates Kopke met with Ms. Khoo regarding the contracts in White Plains, New York. Docket No. 8-2. It is undisputed that Kopke drafted the letter agreements which did not include a venue/forum provision. Kopke claims the parties negotiated the letter agreements via telephone, email and faxes.

Plaintiffs performed the work on the contracts both in Idaho and in New York. Starwood claims it negotiated, executed and performed its obligations under the contracts in New York. All face to face meetings regarding the contracts were in New York. Starwood does not have any representatives in Idaho, no businesses in Idaho, did not review the Plaintiff's work in Idaho. However, Plaintiffs claim Starwood sent confidential Starwood materials to dppms' offices in Idaho.

It is undisputed that Starwood did telephone and email Kopke in Idaho regarding the work on the contracts. Kopke performed some of the duties on the contracts in New York from September 2005 to December 2008 and Starwood reimbursed Kopke for his New York expenses pursuant to the terms of the letter agreements. Starwood paid dppms by check sent via regular mail or sent funds to the dppms back account via the Bank of America branch in Coeur d' Alene, Idaho. Plaintiffs allege Defendant Starwood initiated five live interface/internet meetings with Plaintiffs in their Idaho offices.

Plaintiff Kopke submits based on his internet research that Westin Hotels owned a hotel in Boise Idaho beginning in the 1930s, however, there is no evidence in the record that the Boise hotel was ever part of Starwood's assets when it acquired certain hotel brands including Westin in 1998. Moreover, the Affidavit of David D. Marshall, Docket No. 16-2,

establishes that Starwood did not come into existence until 1998 and was completely unaffiliated with Western Hotels in the 1930s. Therefore, the Court will examine the pending motion to dismiss with the understanding that Starwood does not currently have and has never had a hotel in Idaho.

It is undisputed that Starwood completed some preliminary feasibility analysis regarding expanding operations to Boise and Sun Valley. Starwood submitted a proposal to the City of Boise to construct "aloft" hotel in Boise. This project never went forward. Starwood admits in 2006 or 2007, Starwood representatives were sent to Idaho up to no more than three times to discuss the possibility of operating a St. Regis or Luxury Collection hotel. Other feasibility studies regarding Idaho did not require travel to Idaho.

## Standard of Review

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994) (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)). The Ninth Circuit has previously recognized that the Idaho Legislature intended in adopting the long arm statute to exercise all of the jurisdiction available under the Due Process Clause. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987) (citing Doggett v. Electronics Corp. of Am., 454 P.2d 63, 67 (Idaho 1969)). Thus, the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long arm statute is unnecessary and only the second due process part of the test need be analyzed. Id.; Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1286; Chan, 39 F.3d at 1405. Federal "[d]ue process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Id. (citing International Shoe v. Washington, 326 U.S. 310 (1945)).

Personal jurisdiction may be obtained over a defendant where either specific or general jurisdiction are found to exist. General jurisdiction is exercised by a state when personal jurisdiction is asserted over a "defendant in a suit not arising out of or related to the defendant's contacts with the forum." Helicoptores Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 n.9 (1984). This occurs when the defendant has "substantial" or "continuous and systematic" contacts with the state to the extent that these contacts approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082 (9th Cir. 2000). Plaintiffs do not seek to invoke general jurisdiction in this case and the Court agrees that the alleged contacts by Defendant Starwood are not substantial, continuous or systematic to support a finding of general jurisdiction.

Specific jurisdiction exists over a cause of action that arises out of a defendant's forum-related activities. Panavision Inter. v. L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). It is well-established in the Ninth Circuit that three conditions must be met before a court may exercise specific personal jurisdiction over a nonresident defendant: (1) the nonresident defendant must purposefully conduct activities within the forum by which it purposefully avails itself of the benefits and protections of the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable such that it comports with fair play and substantial justice. Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001); see also Schwarzenegger, 374 F.3d at 802; Panavision, 141 F.3d at 1320. Each of these requirements must be met for jurisdiction to comply with due process. Doe v. American Nat. Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997).

In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof of demonstrating that jurisdiction is appropriate. Dole Food, Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). Because this motion is resolved without a hearing, Plaintiffs need only make out a prima facie case to withstand a motion to dismiss for lack of personal jurisdiction. See Doe v. Unocal, 248 F.3d 915, 922 (9th Cir. 2001); Data Disc, 557 F.2d at 1285. This requires that Plaintiffs demonstrate facts that, if taken as true, would support exercising jurisdiction over the Defendants. Id. "Although the plaintiff

cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citations omitted). Factual conflicts between the parties contained in their affidavits are resolved in the plaintiff's favor. See Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002); AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

Defendant, on the other hand, has the burden of establishing that exercise of jurisdiction over it is unreasonable. Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993). To determine whether exercise of jurisdiction is reasonable, the following seven factors are balanced: (1) the extent of defendants' purposeful interjection into the forum; (2) the burden on the defendants of litigating in the forum; (3) the extent of conflict with the sovereignty of defendants' state; (4) the forum state's interest in adjudicating the issue; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to plaintiffs' interest in convenient and effective relief; and (7) the existence of an alternate forum. Id.

## Analysis

The Court will conduct the three step analysis for specific jurisdiction.

I.   Purposeful Availment and Purposeful Direction:

"The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." Panavision, 141 F.3d at 1320 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). "This requirement is satisfied if the defendant 'has taken deliberate action' toward the forum state." Id. (citation omitted). It is not required that a defendant be physically present or have physical contacts with the forum, so long as his efforts are "purposefully directed" toward forum residents. Id. The purposeful direction or availment requirement for specific jurisdiction is satisfied where the defendants have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

defendants know is likely to be suffered in the forum state. Dole Food Co., Inc. v. Watts, et al., 303 F.3d 1104, 1111 (9th Cir. 2002).

Starwood contends personal jurisdiction in this District cannot lie because it: (1) has no place of business in Idaho; (2) is not licensed or qualified to do business in Idaho; (3) it has no registered agent for service of process in Idaho; (4) owns no property in Idaho; (5) core contact between the parties occurred in New York, not Idaho; (6) Starwood never reviewed, used or implemented any of Plaintiffs' plans in Idaho; and (7) Starwood never traveled to Idaho to perform under the contracts.

Plaintiffs claim that Starwood: (1) contracted with the Idaho company and knew most of the work on the contract was performed in Idaho; (2) communicated with the Plaintiffs in Idaho via emails, telephone calls, internet conferences; (3) mailed confidential Starwood documents and payments for services to Idaho; and (4) sent agents to Idaho to conduct feasibility studies on hotel expansion.

The facts of this case present a close call for the Court as contract duties being fulfilled in Idaho by Plaintiffs does not by itself subject an out of state defendant to personal jurisdiction where the contract is being performed. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 816-17 (9th Cir. 1988). It is the defendant's conduct within a state that creates specific personal jurisdiction. The question becomes, did Starwood transact business in Idaho through it contacts with Plaintiffs related to the letter agreements for technical services?

The Court finds that Starwood did purposefully avail itself to jurisdiction in Idaho. "A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction." Burger King Corp. v. Rudzewicz, 741 U.S. 462, 478 (1985). "'[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealings' are the factors to be considered." Gray & Co. v. Firstenberg mach. Co., Inc., 913 F2d 758, 760 (9th Cir. 1990) citing Burger King at 479.

For this motion, the Court must take the Plaintiffs' allegations as true[1] and Plaintiffs maintain that Starwood did negotiate the letter agreement contracts in Idaho via the phone, emails and faxes to Idaho. While it is true some of the contracts were negotiated by Kopke in New York, it also appears terms were negotiated directly with Plaintiffs in Idaho via the phone, internet and faxes sent to Idaho. Starwood argues that such contact is insufficient for personal jurisdiction and such would be the case if that was the only contact Starwood had with Idaho.

The Court acknowledges that "[u]se of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir. 1995) (citations omitted). However, in this case the Court finds there was more than just emails and interactive conferences. Starwood sent confidential documents to dppms in Idaho. Starwood sent representatives to Idaho to look into the feasibility of expanding operations. Starwood sent checks for payment of services to Idaho.

The Plaintiffs cite the Court to Western States Equipment Company v. American Amex, Inc., 868 P.2d 483 (Idaho 1994) for the proposition that based on the parties dealings after the contract was signed there is personal jurisdiction over Starwood. The Court agrees with Plaintiff that Western States is applicable to the case at bar even though there are some factual differences as noted by Starwood in its reply to the motion to dismiss. In Western States, the Idaho Supreme Court held that personal jurisdiction existed where negotiations for leasing equipment were handled via telephone to Idaho and a credit application was faxed from Idaho to Georgia and back to Idaho even though the leased equipment was provided and used in Oregon. Payments were also sent to Idaho. In the present case, Kopke says the letter agreements were drafted by him in Idaho and sent to Starwood, the letter

---

[1] See Schwarzenegger, 374 F.3d at 800. Whether these allegations can be proven at trial is left for another day. See Data Disc, Inc. v. System Tech. Assocs., 557 F.2d 1280, 1285-86 n. 2 (9th Cir. 1977) ("Of course, at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence.").

agreements were negotiated from Idaho (via telephone and emails) as well as in New York, Starwood sent confidential documents to dppms in Idaho, and participated in numerous interactive conferences over the internet regarding the technical services being provided by Plaintiffs. Payments were sent to Plaintiffs in Idaho for services performed under the letter agreements. While it is true no representatives traveled physically to Idaho, Starwood representatives effectively were meeting with Plaintiffs in Idaho via the internet. The facts in this case are even stronger than those in Western States as Starwood admits it sent its agents to Idaho to conduct feasibility studies for new hotel construction. For all these reasons, the Court finds the present case also supports a finding of specific jurisdiction over an out of state defendant who has purposefully availed itself of the privilege of conducting business in Idaho.

II.     The Claims Arise Out of or Result From the Defendants' Forum-Related Activities:

To determine whether a plaintiff's claims "arise out" of defendant's forum-related activities, the Ninth Circuit adopted a "but for" analysis. See Ballard, 65 F.3d at 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)). Thus, specific personal jurisdiction is proper only where "but for" Defendants' activities in the forum, Plaintiffs' injuries would not have occurred. In this case, the Court finds the Plaintiffs' claims do arise out of Starwood's forum related activities regarding the letter agreement contracts and services provided under the alleged contracts. But for Starwood's regular contacts with dppms in Idaho regarding the technical services being provided under the letter agreements, there would no claim for breach of contract by Plaintiffs.

III.    Exercise of Jurisdiction Must Be Reasonable:

Finally, the Court finds it would be reasonable to exercise personal jurisdiction over the Starwood in Idaho. In making the reasonableness determination, the Court examines seven factors to determine whether exercise of jurisdiction is reasonable: existence of an

alternative forum; burden on the defendant; convenience and effectiveness of relief for the plaintiff; most efficient judicial resolution of the dispute; conflict with sovereignty of the defendant's state; extent of purposeful interjection; and the forum state's interest in the suit. Brand v. Menlove Dodge, 796 F.2d 1070, 1075 (9th Cir. 1986) (citations omitted). In this case, the Court finds that while there is the existence of an alternative forum in New York, one party is going to have the inconvenience of litigating whether the matter is heard in Idaho or New York. The burden on Starwood is no greater than the burden on Plaintiffs to be the traveling party. Idaho is the more convenient forum for Plaintiffs to seek the requested relief. Defendant knew it was contracting for services from an Idaho company and it should be no surprise for the Idaho company to sue for an alleged breach of contract claim in Idaho since Starwood had continuous contact with Plaintiffs in Idaho regarding such contracts. The Court finds there is no conflict with the sovereignty of the Defendant's state and the extent of the purposeful interjection into Idaho activities by Starwood supports a finding of reasonableness for due process purposes. Finally, Idaho does have an fairness interest in allowing companies located in Idaho to bring claims for breaches of contract in the state in which the work is performed.

Having found the three requirements for specific personal jurisdiction satisfied based on the allegations of Plaintiffs, the motion to dismiss must be denied at this stage in the litigation.

Order

Being fully advised in the premises, the Court hereby orders that Defendant's motion to dismiss (Docket No. 7) is DENIED.

DATED: **September 23, 2009**

Honorable Edward J. Lodge
U. S. District Judge